UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS A. PRICE,

    Plaintiff,

v.

AMRIT SAINI,

    Defendant.

Case No. 24-cv-02899-JSW

**ORDER OF DISMISSAL**

(ECF No. 3)

## INTRODUCTION

Plaintiff, proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against a psychiatrist at Napa State Hospital ("NSH"), where he has been involuntarily committed. He is GRANTED leave to proceed in forma pauperis ("IFP") due to a lack of funds. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## ANALYSIS

**A.  STANDARD OF REVIEW**

When a plaintiff is proceeding IFP, as in this case, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests.'"'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff Price has been involuntarily committed at NSH since in 2019 based upon a finding of not guilty of criminal charges by reason of insanity.  Defendant, a psychiatrist, is treating him with the antipsychotic medicine Clozapine and other medications, a treatment decision authorized by a "panel."  He complains, as he has in a previous case, *Price v. Sabbeen*, No. C 24-2379 JSW (PR), that this medication causes adverse side effects.  Plaintiff's allegations do not state a cognizable claim for relief because a disagreement between him and Defendant, who is a doctor, about whether it is medically proper to treat him with these medications despite the side effects. does not amount to deliberate difference, an element of an Eighth Amendment claim.  *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."); *cf. Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (a difference of opinion between medical professionals as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference).  Even when the complaint is liberally construed, Plaintiff does not allege facts that plausibly show any Defendants violated his Eighth Amendment rights.

2

**CONCLUSION**

For the reasons set out above, Plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 10, 2024

_____
JEFFREY S. WHITE
United States District Judge